IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L. DARLENE JACOBS, and<br>L. DARLENE JACOBS as next friend<br>and guardian to TIMOTHY M. NORRIS,<br><br>Plaintiffs,<br><br>v.<br><br>ROOFING SUPPLY OF NASHVILLE,<br>LLC, ROOFING SUPPLY OF<br>TENNESSEE, LLC, ROOFING SUPPLY<br>GROUP, LLC and BENEFIT<br>CONSULTING SERVICES, INC.,<br><br>Defendants. | NO. 3:08-00349<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiffs, L. Darlene Jacobs and L. Darlene Jacobs as next friend and guardian to Timothy M. Norris, filed this action under the Employee Retirement and Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a) and 29 U.S.C. § 1140, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) and 42 U.S.C. § 12203(b) against Defendants Roofing Supply of Nashville, LLC ("RSNashville"), Roofing Supply of Tennessee, LLC ("RSTennessee"), Roofing Supply Group, LLC ("RSG") and Benefit Consulting Services, Inc. ("Benefit Consulting"). Plaintiffs' claims arise out of the termination of Jacobs's employment as a credit manager for Defendant RSNashville. In essence, Plaintiffs allege violations of ERISA and the ADA for the Defendants' termination of Jacobs's employment to avoid paying higher health insurance premiums due to Timothy Norris's cancer treatments. Plaintiffs also assert state law tort claims for tortious interference and conspiracy in interfering with Plaintiff Jacobs's employment, as well as a conspiracy claim for interfering with Plaintiffs' ADA rights.

Before the Court are the following motions; (1) Defendants RSNashville's, RSTennessee's, and RSG's motion for judgment on the pleadings (Docket Entry No. 36); (2) Defendant Benefit Consulting's motion to dismiss or alternatively, motion for judgment on the pleadings (Docket Entry No. 38); (3) Defendants RSNashville's, RSTennessee's, and RSG's supplemental motion for judgment on the pleadings (Docket Entry No. 64); (4) Defendant Benefit Consulting's supplemental motion to dismiss (Docket Entry No. 60); and (5) Plaintiffs' motion for discovery (Docket Entry No. 50).

In their motion for judgment on the pleadings, Defendants RSNashville, RSTennessee, and RSG contend that Section 1144(a) of ERISA preempts Plaintiffs' state law claims. In its motion to dismiss, Defendant Benefit Consulting contends that Plaintiffs' complaint fails to state any state law claims against Defendant Benefit Consulting, but if such claims were stated, ERISA preempts such claims.

In response to these motions, Plaintiffs assert that their complaint contains sufficient allegations for each element of their state law claims and that those claims are not preempted by ERISA because ERISA's preemption is not a complete preemption for persons who are not covered by an ERISA plan.

In their supplemental motion for judgment on the pleadings, Defendants RSNashville, RSTennessee, and RSG argue that Plaintiffs' ADA claims in their second amended complaint should be dismissed as untimely and for Plaintiffs' failure to exhaust their administrative remedies for these claims. Defendants also argue that neither RSTennessee nor RSG is an employer within the meaning of the ADA. Defendants also argue that Plaintiffs' claim for a conspiracy to violate the ADA fails for lack of a predicate tort. Defendant Benefit Consulting's

supplemental motion to dismiss essentially adopts these contentions.

Plaintiffs respond, in essence: that their ADA claims were exhausted as to all Defendants and are timely; that all Defendants are "covered employers" under the ADA; and that Plaintiffs' conspiracy claim does not require a predicate tort.

For the reasons set forth below, the Court concludes that ERISA preempts Plaintiffs' state law claims as to Defendants RSNashville, RSTennessee, and RSG. The Court concludes that based upon the record, Plaintiffs adequately exhausted their administrative remedies under the ADA and that Defendants RSTennessee and RSG are sufficiently alleged to have controlled Plaintiff Jacobs's continued employment so as to subject them to the ADA. The Court concludes that Defendant Benefit Consulting is not covered by the ADA and Count V should be dismissed as to Defendant Benefit Consulting. Finally, the Court concludes that Plaintiffs have properly alleged a conspiracy claim against Defendant Benefit Consulting.

## I. REVIEW OF THE COMPLAINT

Beginning in March 2002, RSNashville employed Plaintiff Jacobs to be a credit manager as an at-will employee. (Docket Entry No. 49, Second Amended Complaint at ¶¶ 18-19). As a part of her employment, Plaintiff Jacobs and her son, Plaintiff Norris, were enrolled for medical insurance coverage through BlueCross BlueShield of Tennessee. Id. at ¶ 22.

In February 2005, Timothy Norris was diagnosed with a brain tumor and RS Nashville's employee medical insurance plans covered a majority of his medical expenses. Id. at ¶¶ 24, 26. Norris' condition significantly deteriorated and his increased medical expenses led to substantial rate increases for health insurance premiums through Defendants' various insurers. Id. at ¶¶ 27-29, 43-45. During this period, RSNashville and RSTennessee underwent substantial corporate

reorganization and ultimately became Roofing Supply of Nashville, LLC (RSNashville) and Roofing Supply of Tennessee, LLC (RSTennessee). Id. at ¶¶ 23, 35. Defendant RSG also acquired substantial interests in Defendants RSNashville and RSTennessee, but neither RSNashville nor RSTennessee are wholly owned subsidiaries of Defendant RSG. Id. at ¶¶ 36-39.

Plaintiffs allege that Defendant RSG exerted pressure on Defendant RSNashville to reduce its expenses. Id. at ¶ 42. When Defendants' medical insurance policy faced a significant increase in premiums in May 2007, Defendants RSNashville and RSTennessee retained Defendant Benefit Consulting to obtain new bids for medical insurance and informed Defendant RSG about this effort. Id. at ¶¶ 43-47. Norris' treatments for his condition were allegedly a major factor in the Defendants' increased insurance costs. Id. at ¶¶ 45, 48-49.

During the bid solicitation process, Jacobs's supervisor, Gordon Holmes, approached Jacobs and inquired about the number of MRIs Norris would require as part of his ongoing treatment and their attendant cost. Id. at ¶¶ 52-53. Jacobs was also required to complete a medical questionnaire regarding Norris's condition, treatments, and prognosis that only one other employee was required to complete, and these medical questionnaires were sent to Defendant Benefit Consulting. Id. at ¶¶ 58-62.

Defendants RSTennessee and RSNashville were scheduled to meet with Defendant Benefit Consulting on April 11, 2007, to discuss a medical insurance policy for the upcoming year. Id. at ¶ 63. Less than two hours before that meeting, Gordon Holmes fired Jacobs, citing dissatisfaction from "corporate" regarding her job performance. Id. at ¶¶ 64-65. Jacobs inferred from Holmes's comments and demeanor that Defendants RSTennessee and RSG played a major

role in her termination and that William Kennedy, Defendant RSG's Regional Vice President and Gordon Holmes's boss, instructed Holmes to fire Jacobs. Id. at ¶¶ 66-69. Plaintiffs allege that Gordon Holmes would not have fired Jacobs when he did, but for the actions and influence of Defendants RSG and RSTennessee. Id. at ¶¶ 76, 79-80.

After Jacobs's termination, Defendant Benefit Consulting solicited new bids for medical insurance coverage and informed Defendant RSNashville's prior medical insurance carrier that Timothy Norris was no longer covered by the company's risk pool. Id. at ¶¶ 73-74. With Jacobs's termination, Plaintiffs allege that they have lost wages and benefits, incurred substantial expenses and suffered severe emotional distress. Id. at ¶¶ 81-82.

In their second amended complaint, Plaintiffs assert six claims: Count I - Interference in violation of 29 U.S.C. § 1140 (ERISA) against Defendant RSNashville; Count II - Tortious interference with employment under state law against Defendants RSTennessee, RSG, and Benefit Consulting; Count III - Conspiracy to interfere with Plaintiff's employment under state law against Defendants RSTennessee, RSG, and Benefit Consulting; Count IV - Discrimination in violation of 42 U.S.C. §§ 12112(a) and (b)(4) (Americans with Disabilities Act) against RSNashville; Count V - Interference in Rights Protected by the Americans with Disabilities Act in violation of 42 U.S.C. § 12203(b) against Defendants RSTennessee, RSG, and Benefit Consulting; and Count VI - Conspiracy to violate Plaintiffs' ADA rights against Defendants RSTennessee, RSG, and Benefit Consulting.

## II. CONCLUSIONS OF LAW

The standard for resolving a motion for judgment on the pleadings is essentially the same as om a motion to dismiss, namely that a complaint need only alleg facts that give rise to "a right

to relief beyond the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 444, 127 S.Ct. 1955, 1965 (2007). Consideration of a motion to dismiss requires the Court to accept the complaint's factual allegations as true and to construe the complaint liberally in favor of Plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (internal quotation omitted). Indeed, "it is not...proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the...laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal. State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

## A. ERISA Preemption

Defendants first assert that Plaintiffs' state law claims are preempted by Section 1144(a) of ERISA. Plaintiffs respond that ERISA does not preempt claims of parties who are neither participants nor beneficiaries. Plaintiffs also assert that their claims are not subject to complete preemption under ERISA, and conflict preemption is also precluded because their claims do not mandate employee benefit structures, their administration, or create alternate enforcement mechanisms for obtaining benefits.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." 29 U.S.C. §1144(a). "State law" is defined to include "all laws,

decisions, rules, regulations or other state action having the effect of law." 29 U.S.C. §1144(c)(1). Preemption under ERISA is "deliberately expansive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987). Yet, ERISA's preemption provisions are not comprehensive. Marks v. Newport Credit Group, Inc., 342 F.3d 444, 453 (6th Cir. 2003). "It is not the label placed on the state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." Cromwell v. Equicor-Equitable HCA Corp., 922 F.2d 1272, 1276 (6th Cir. 1991). Yet, ERISA's expansive preemption does not extend to persons who are not fiduciaries covered by ERISA, such as a consultant to an ERISA plan. Penny/Ohlmann/Nieman, Inc., v. Miami Valley Pension Corp., 399 F.3d 692, 698 (6th Cir. 2005) ("PONI").

Upon review of the record, Plaintiffs are alleging the RSNashville, RSTennessee and RSG effectively controlled their medical coverage under Jacobs's medical plan at RSNashville that is governed by ERISA. Plaintiffs' state law claims against these Defendants require examinations of whether Defendants "supported [Jacobs's] termination in anticipation of obtaining lower medical insurance premiums for the 2007/2008 Plan." Those claims directly relate to evaluation of the ERISA plan. Where the state law claim requires evaluation of the plan and the parties' performance pursuant to that plan, the state law claim is preempted. PONI, 399 F.3d at 703; Thurman v. Pfizer, Inc., 484 F.3d 855, 862 (6th Cir. 2007). As to those Defendants, the Court concludes that the Plaintiff's state law claims are for benefits under an ERISA plan and those claims are preempted. Cromwell, 922 F.2d at 1276; 29 U.S.C. § 1144(a).

As to Benefit Consulting, Plaintiffs' second amended complaint specifically alleges that Benefit Consulting was retained by Defendants RSNashville and RSTennessee, and that Benefit

-7-

Consulting solicited bids and advised its clients regarding Plaintiffs remaining in the insurance risk pool. (Docket Entry No. 49, Second Amended Complaint ¶¶ 46-52, 73-74, 87). In these circumstances, Benefit Consulting acted to secure bids and consult with the other Defendants on their insurance policies. In a word, Benefit Consulting does not appear to be a fiduciary covered by ERISA. PONI, 399 F.3d at 698. As such, Plaintiffs' state law claims against Benefit Consulting are not preempted by ERISA.

Having determined that Plaintiffs' state law claims are not preempted by ERISA with regard to Defendant Benefit Consulting, the Court must now address Defendant Benefit Consulting's motion to dismiss for failure to state claim. After reviewing Plaintiffs' allegations, it appears that Plaintiffs have at this stage properly alleged that Defendant Benefit Consulting unlawfully "procured" Plaintiff Jacobs' termination. See Ladd v. Roane Hoisery, Inc., 556 S.W.2d 758, 760 (Tenn. 1977). Plaintiffs have also properly alleged that Defendant Benefit Consulting's procurement of Plaintiff Jacobs' termination was intentional. As such, Plaintiffs have properly alleged the required elements for intentional interference in an at-will employment relationship by a third party. Id.

The Court concludes that the Plaintiffs have properly stated a claim against Benefit Consulting under Count II of their Second Amended Complaint. As such, Defendant Benefit Consulting's motion to dismiss Plaintiffs' claim of conspiracy (Count III) should also be denied with respect to Defendant Benefit Consulting.

### B. Americans with Disabilities Act

As to Plaintiffs' ADA claims, Defendants assert, in sum: (1) that Plaintiffs failed to exhaust their administrative remedies under the ADA as to each Defendant; (2) that Plaintiffs'

-8-

Case 3:08-cv-00349 Document 87 Filed 03/30/09 Page 8 of 16 PageID #: 707

ADA claims are untimely; (3) that Defendants RSTennessee, RSG, and Benefit Consulting are not Plaintiff Jacobs's employer and thus subject to the ADA; and (4) Plaintiffs' allegations for their conspiracy claims are vague and conclusory and lack a predicate tort. The Court addresses each contention in seriatum.

### 1. Exhaustion and Timeliness of Plaintifffs' ADA Claims

Defendants contend that Plaintiffs failed to properly present their complaint of discrimination to the EEOC within 300 days of the alleged discrimination as required by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1). The Sixth Circuit summarized the requirements of these statutes as follows:

> Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); Jones v. Sumser Retirement Village, 209 F.3d 851, 853 (6th Cir. 2000). An employee may not file a suit under the ADA if he or she does not possess a right-to-sue letter from the EEOC because he or she has not exhausted his or her remedies. See 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (procedures from § 2000e-5 apply to ADA claims); see also EEOC v. Frank's Nursery & Crafts, Inc., 177 F.3d 448, 456 (6th Cir. 1999). However, the failure to obtain a right-to-sue letter is not a jurisdictional defect; rather the right-to-sue letter is a condition precedent. See Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir. 1998). Accordingly, the requirement of obtaining a right-to-sue letter may be waived by the parties or the court. See id. at 1031.

Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309 (6th Cir. 2000).

In an earlier opinion, the Sixth Circuit distinguished between a right-to-sue letter as a jurisdictional requirement and as a condition precedent:

> However, it appears that the time might now be right to join our sister circuits that have already concluded that a right-to-sue letter is merely a condition precedent, and not a jurisdictional requirement, to bringing a Title VII action.
>
> A precursor of this conclusion is found in the Supreme Court's announcement in

-9-

> Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 393, 102 S.Ct. at 1132. Since that decision, some circuits have gone so far as to proclaim that "all Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements." Fouche v. Jekyll Island-State Park Authority, 713 F.2d 1518, 1525 (11th Cir. 1983).
>
> * * *
>
> As the Seventh Circuit found, there is "'no rational basis for treating [differently] those [Title VII action preconditions, i.e., the requirements of 42 U.S.C. § 2000e-5 (1976) ] that have not been considered from those that implicitly or explicitly have been held not to be jurisdictional.'" Liberles v. Cook County, 709 F.2d 1122, 1125 (7th Cir. 1983) (quoting Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1009 (11th Cir. 1982) (footnote omitted)). Indeed, the Zipes Court's reasoning, that the filing requirement is a precondition because it is listed in a separate section of Title VII than the section that grants jurisdiction to the district courts, is equally applicable to all of the requirements listed in section 2000e-5(f)(1). See McKinnon, 83 F.3d at 505. Furthermore, it is reasonable to conclude that, "[b]ecause a timely filing with the EEOC necessarily precedes the return of a right-to-sue [letter] from the EEOC, such [a letter] must also be [a condition precedent that is] curable." Jones v. American State Bank, 857 F.2d 494, 499 (8th Cir. 1988).
>
> Accordingly, we hold that the right-to-sue letter is a condition precedent and not a jurisdictional requirement.

Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1031-32 (6th Cir. 1998).

Upon a review of Jacobs's EEOC filings present in the record, Plaintiffs' ADA claims are timely and procedurally proper. RSNashville terminated Plaintiff Jacobs on April 11, 2007. Plaintiff Jacobs then filed her initial charge of discrimination against RSNashville on June 13, 2007 (approximately 60 days after her termination). (Docket Entry No. 69-2). A letter from Plaintiffs' attorney on June 13, 2007, Plaintiffs noted the possibility that Defendants RSTennessee, RSG, and Benefit Consulting might possess relevant information and documents

-10-

on Jacobs's termination. (Docket Entry No. 69-6). On December 14, 2007, Plaintiffs' attorney sent another letter to the EEOC requesting an amendment to the initial charge of discrimination to include Defendants RSTennessee, RSG, and Benefit Consulting. (Docket Entry No. 69-7). Jacobs signed and verified her original complaint with the EEOC. (Docket Entry No. 69-2). The amendment to that complaint adding Defendants RSTennessee, RSG, and Benefit Consulting was made on December 14, 2007, within 300 days of Jacobs's termination.

The EEOC's response to those letters is unclear, but on September 25, 2008, Plaintiffs requested a right-to-sue letter for all Defendants. (Docket Entry No. 69-3). The EEOC issued a right-to-sue letter on September 29, 2008, and Plaintiffs subsequently amended their complaint to assert their ADA claims. (Docket Entry No. 49). The EEOC's right-to-sue letter was copied to Scott Campbell, Human Resource Manager for Defendant RSG. (Docket Entry No. 47-1). While the record is not entirely clear at this stage of the litigation, the record reflects that Defendants other than Defendant RSNashville were clearly on notice of Jacobs's proceedings before the EEOC. See Docket Entry Nos. 69-5, 69-7, 47-1, 69-3.

The Court concludes that Plaintiffs have complied with the procedural requirements for their ADA claims. See Toombs v. Greer-Smyrna, Inc., 529 F.Supp. 497, 503 (M.D. Tenn. 1982). The Defendants' contention about the lack of a "proper" right-to-sue letter is not a jurisdictional bar. Rivers, 143 F.3d at 1031-32; see also Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 262-65 (3rd Cir. 2006) (holding that certain technical requirements do not bar ADA suit due to preference for resolution on the merits).

### 2. Defendants as "Employers" Under the ADA

Defendants next contend that Plaintiffs' ADA claims against Defendants RSTennessee,

-11-

RSG, and Benefit Consulting are barred because those Defendants are not Jacobs's "employers" within the meaning of the ADA. Under 42 U.S.C. § 12112(a) of the ADA, a covered entity is defined as "an employer, employment agency, labor organization, or joint labor-management committee." Satterfield v. Tennessee, 295 F.3d 611, 616 (6th Cir. 2002). The term "employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks or in the current or preceding calendar year, and any agent of such person. . . ." 42 U.S.C. § 12111(5)(A).

The Sixth Circuit articulated three standards for analyzing whether a defendant is an employer under the ADA:

> First, we have stated in several cases that for the purposes of the ADA and other Civil Rights Acts, an employer/employee relationship is identified by considering: "the entire relationship, with the most important factor being the employer's ability to control job performance and employment opportunities of the aggrieved individual." Swanson v. Univ. of Cincinnati, 268 F.3d 307, 319 (6th Cir. 2001) (quotation omitted); see also Johnson v. City of Saline, 151 F.3d 564, 568 (6th Cir. 1998) (same); Simpson v. Ernst & Young, 100 F.3d 436, 442 (6th Cir. 1996), cert. denied, 520 U.S. 1248, 117 S.Ct. 1862, 137 L.Ed.2d 1062 (1997) (same in the context of the ADEA and ERISA). Second, we have recognized that an agent of an employer may be identified as an employer for the purposes of the Civil Rights Acts if the employer delegated employment decisions to the agent. See Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 996 (6th Cir. 1997); York v. Tenn. Crushed Stone Ass'n, 684 F.2d 360, 362 (6th Cir. 1982). Finally, as Carparts noted, we have stated that: "Title VII does not require a formal employment relationship between the plaintiff and the defendant. Rather, a plaintiff is protected if the defendant is one who significantly affects access of any individual to employment opportunities." Christopher, 936 F.2d at 875 (quotation omitted).

Satterfield, 295 F.3d at 617. The Sixth Circuit has also noted that the guiding principle binding these three theories together is the concept of employer "control." Id.

The issue is whether Plaintiffs' second amended complaint adequately alleges that

-12-

Defendants RSTennessee, RSG, and Benefit Consulting exercised control over Plaintiff Jacobs's employment with RSNashville or "significantly affect[ed] access...to employment opportunities." Christopher v. Stouder Memorial Hosp., 936 F.2d 870, 875 (6th Cir. 1991).

Here, Plaintiffs have alleged that Defendants RSNashville, RSTennessee, and RSG all worked to terminate Jacobs's employment in such a way that suggests control over her access to employment. Specifically, Plaintiffs allege RSG directed RSNashville to reduce its medical insurance costs. Plaintiffs allege that RSNashville was instructed to fire Jacobs by Defendants RSTennessee and RSG, and that the decision came from "corporate" and decisionmakers within RSG and RSTennessee. See Docket Entry No. 49, Second Amended Complaint ¶¶ 65-72, 76-80. The Court must accept their allegations as true. See Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Although discovery may bear out a different conclusion, at this stage, Plaintiffs' allegations plausibly support their contention that these defendants are covered entities under the ADA. As such, Plaintiffs have met the required threshold for alleging claims under the ADA in Counts IV and V.

Defendants rely on Hiler v. Brown, 177 F.3d 542 (6th Cir. 1999), and Andonian v. Autoalliance International, Inc., 2003 WL 2010745, at *8-*9 (E.D. Mich. Feb. 25, 2003), for the proposition that ADA liability is only with Plaintiff's immediate employer. These cases do not stand for such a broad proposition, however. Hiler held that an ADA claim could not lie against a plaintiff's supervisor, but only against the corporate/governmental entity that was the plaintiff's employer. Hiler, 177 F.3d at 544-45. Andonian noted that "control" provides the guiding principle under Sixth Circuit precedents, but concluded that the plaintiff's direct employer there retained control over plaintiff's employment access at all times. As such, those cases are

-13-

distinguishable from Plaintiffs' factual allegations here.

As to Benefit Consulting, however, Plaintiffs have not alleged any facts that could support a conclusion that Defendant Benefit Consulting restricted access to or exercised control over Jacobs's employment in a way required to impose liability. See Satterfield, 295 F.3d at 618. While Benefit Consulting may have advised the other Defendants that Plaintiffs should be eliminated from the risk pool to save money in order to secure its commission, no allegation by the Plaintiffs supports any theory of "control" that is required under Satterfield, as Benefit Consulting served at the behest of the other Defendants, not the reverse. See Docket Entry No. 49, ¶ 95. As such, Count V against Defendant Benefit Consulting should be dismissed.

### 3. Conspiracy to Violate the ADA

As to Plaintiffs' state law claim for a conspiracy to violate the ADA, with the Court's conclusions on preemption, this claim can be maintained only as to Benefit Consulting. The contention is that this claim fails for lack of a predicate tort.

Under Tennessee law, "a civil conspiracy is 'a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a purpose not in itself unlawful by unlawful means.'" Pressman v. Franklin National Bank, 384 F.3d 182, 188 (6th Cir. 2004) (quoting Chenault v. Walker, 36 S.W.3d 45, 52 (Tenn. 2001)). "It is well settled in Tennessee that the tort of civil conspiracy requires underlying wrongful conduct, and that conspiracy, standing alone, is not sufficient to support a cause of action. . . .If the underlying wrongful conduct is found to be not actionable then the conspiracy claim must also fail." Greene v. Brown & Williamson Tobacco Corp., 72 F.Supp.2d 882, 887 (W.D. Tenn. 1999).

Yet, a predicate tort against *another* defendant can support a civil conspiracy claim

-14-

without an underlying tort against that particular defendant. Boynton v. Headwaters, Inc., 243 Fed. Appx. 610, 615-16 (Fed. Cir. 2007). In Boynton, the plaintiffs properly alleged fraudulent acts against one defendant, who subsequently settled with the plaintiffs and was removed as a party from the case. The plaintiffs also alleged a claim of civil conspiracy against other defendants, who argued that the lack of an underlying tort claim against them precluded any conspiracy claim. The Federal Circuit applied Tennessee law and found that despite the absence of an underlying tort against the remaining defendants, the underlying tort against the settling defendant allowed those plaintiffs' conspiracy claims to survive. Boynton, 243 Fed. Appx. at 616. On remand, the District Court found that the plaintiffs' allegations established a genuine issue of material fact as to whether the remaining defendants had participated in an unlawful conspiracy. Boynton v. Headwaters, Inc., 2008 WL 4057835, at *4-*5 (W.D. Tenn. 2008).

As to Defendant Benefit Consulting, the Court concludes that the Plaintiffs' have viable claims under ERISA and the ADA. Thus, under Tennessee law, Plaintiffs' conspiracy claim remains viable as to Benefit Consulting. Plaintiffs' factual allegations are that the Defendant Benefit Consulting advised Defendants RSTennessee and RSG on the change of policies that were the alleged act and means by which the other defendants allegedly violated ERISA and the ADA. Benefit Consulting played a significant role in concert with those Defendants to accomplish their unlawful objective. See Pressman, 384 F.3d at 188. Based upon Plaintiffs' allegations, Defendant Benefit Consulting's supplemental motion to dismiss Plaintiffs' conspiracy claim should be denied.

For the reasons stated above, the Court concludes that Plaintiffs' state law claims against the Defendants RSNashville, RSTennessee, and RSG should be dismissed. Plaintiffs' ERISA

-15-

and ADA claims against Defendant Benefit Consulting should be dismissed. The Court concludes that Plaintiffs have stated a viable conspiracy claim against Defendant Benefit Consulting.

An appropriate order is filed herewith.

**ENTERED** this the 30th day of March, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge